**SO ORDERED.**

**SIGNED January 06, 2006.**



_____
**HENLEY A. HUNTER
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IN RE: DONALD WAYNE PARKS                           CASE NO. 05-30508
      BETTY D. PARKS

BRADLEY WAYNE SELLERS

VERSUS

DONALD WAYNE PARKS                                  ADVERSARY NO. 05-3030
BETTY D. PARKS

### REASONS FOR JUDGMENT

     This matter comes before the Court on a Motion for "Judgment as a Matter of Law" by defendants, which the Court interprets as a Motion for Summary Judgment under F.R.C.P. 56.[1] The

---

[1] A Motion for Judgment as a Matter of Law, pursuant to F.R.C.P. 50, is made at the close of a jury trial and in the alternative for a Motion for New Trial. There is no right to a jury trial in the adversary proceeding challenging the dischargeability of a debt, and even so, this matter has not proceeded to the stage of trial, therefore, this pleading is interpreted as a Motion for Summary Judgment made pursuant to F.R.C.P. 56. *See In re: Perry*, 111 B.R. 861 (C.D.Ca. 1990); *See also In re Thomas*, 235 B.R. 864 (N.D.Tx. 1999); *In re Schmidt*, 188 B.R. 36 (D.Nev. 1995); Jury Trials in Bankruptcy: Obeying the Commands of Article III and the Seventh Amendment, 72 Minn. L. Rev. 967 (May 1988).

Complaint alleges a judgment debt owed by defendants to plaintiff is non-dischargeable under 11 U.S.C. §523(a)(4). This is a Core Proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I). This Court has jurisdiction pursuant to 28 U.S.C. §1334 and by virtue of the reference by the District Court pursuant to Local District Court Rule 83.4.1 incorporated into Local Bankruptcy Rule 9029.3. No party has sought to withdraw the reference, nor has the District Court done so on its own motion. This Court makes the following Findings of Fact and Conclusions of Law in accordance with F.R.B.P. 7052. Pursuant to these reasons, the defendants' Motion for Summary Judgment is **GRANTED.**

## Factual Summary, Applicable Law and Analysis

At some point pre-petition, the plaintiff was employed by the debtors/defendants, and sustained an injury while employed, for which he was awarded a judgment in a workers compensation proceeding entitled: "Bradley Sellers v. D&D Country Store, Office of Workers Compensation, Department of Labor, District 1E, Docket No. 99-6070." The plaintiff filed this adversary proceeding claiming this judgment debt is non-dischargeable because the defendants breached a fiduciary duty to obtain and carry workers compensation insurance.

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings pursuant to Bankruptcy Rule 7056, provides in pertinent part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate only if the movant demonstrates that there are no genuine issues of material fact and that it is entitled to a judgment as a matter of law. F.R.C.P. 56(c); *H.R. Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 4/8/2003). If the moving party

meets its burden, the non-movant must designate specific facts showing there is a genuine issue for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)(en banc).

According to the pleadings herein, the parties agree as to the existence of the judgment debt and to the fact that the defendants did not maintain a workers compensation insurance policy at the time the plaintiff was injured. While the defendants deny the omission was knowingly made, and the plaintiff simply does not dispute that assertion or allege otherwise in the complaint, such an issue of fact, if existing, is not a material issue of fact.

In pertinent part, 11 U.S.C. §523(a)(4) excludes from the discharge debts incurred on the basis of "fraud or defalcation while acting in a fiduciary capacity." The sole issue before the Court in this proceeding is whether, as the plaintiff complains that the defendants' failed to obtain and carry workers compensation insurance on behalf of their employees, such an omission constituted a breach of a fiduciary responsibility as contemplated by 11 U.S.C. §523(a)(4). The Fifth Circuit Court of Appeals "noted recently, '[T]he concept of fiduciary under § 523(a)(4) is narrower than it is under the general common law. Under § 523(a)(4), 'fiduciary' is limited to instances involving express or technical trusts." *Miller v. J.D. Abrams, Inc.*, 156 F.3d 598 (5th Cir. 9/24/1998) *citing its opinion in Texas Lottery Comm'n v. Tran*, 151 F.3d 339, 342 (5th Cir.1998). There is no doubt that Louisiana law imposes a statutory obligation on employers to maintain workers compensation insurance and imposes a civil penalty for the failure to do so. La.R.S. 23:1170. However, this Court cannot find that such a statutory obligation rises to the level of creating a fiduciary relationship of trust on the part of the employer for the benefit of the employee. Furthermore, the Court notes the following cases from other jurisdictions are persuasive with respect to this finding: *Holt v. France*, 138 B.R. 968, 971 (Bankr. D.Colorado 1992)(Colorado's Workmen's Compensation Act did not

3

create trust so as to establish fiduciary relationship between debtor and employee within meaning of exemption from discharge for fraud of fiduciary); *Kraemer v. Crook*, 94 B.R. 207 (U.S.D.C. N.D.Ga. 1988)("the duty under Georgia law to ensure payment of worker's compensation did not rise to a fiduciary duty under the Bankruptcy Act."); *Hamilton v. Brower*, 24 B.R. 246 (Bankr.D.N.M.1982)(no fiduciary relationship existed between employer and employee to procure worker's compensation insurance).[2]

## CONCLUSION

Because this Court finds the defendant's obligation to maintain workers compensation insurance is a state statutory obligation and not a fiduciary duty, 11 U.S.C. §523(a)(4) is not applicable, therefore, the defendants' Motion for Summary Judgment must be GRANTED and the adversary proceeding DISMISSED. A separate and conforming Order will enter this date.

---

[2]While the plaintiff cites *Samuel v. Baitcher*, 781 F.2d 1529 (11th Cir. 1986) for the proposition that a legal duty to obtain insurance is not "fiduciary" in the sense of §523(a)(4), a careful reading of this case reveals that statement was made by not by the cited appellate court, but rather, by a collateral state court, which the bankruptcy court had not afforded collateral estoppel, and the cited case was remanded to the district court on reversal of the summary judgment granted. *But See Samuel v. Baitcher* (*In re Baitcher*), 36 B.R. 588 (Bankr.N.D.Ga.1983), vacated and remanded on other grounds, 781 F.2d 1529 (11th Cir.1986).

4